**Alan C. HIGGS and Scott A. Higgs, Plaintiffs-Appellees,**

v.

**James T. GRISSOM, Defendant-Appellant.**

**No. 71–1530.**

United States Court of Appeals, Sixth Circuit.

Feb. 25, 1972.

---

John P. Davis, Jr., on brief, Knoxville, Tenn., for appellant; Hodges, Doughty & Carson, Knoxville, Tenn., of counsel.

John T. O'Connor, II, Knoxville, Tenn., for appellees; Sidney W. Gilreath, Knoxville, Tenn., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KEITH, District Judge*.

PER CURIAM.

This action was instituted to recover damages for the personal injuries suffered by the minor plaintiff-appellee and for damages incurred and to be incurred as medical expenses and for loss of services suffered by said minor's father. This appeal has been perfected from a judgment in the amount of $300,000 entered pursuant to jury verdict in favor of the minor plaintiff (hereinafter usually the appellee), and in the amount of $125,000 reduced by an accepted remittitur of $98,853.19 in favor of the father.

Evidence received at trial established that appellee was on the occasion in question in a vehicle which was proceeding eastwardly on a four-lane highway and that the two defendants were at the time proceeding westwardly in their separate automobiles, one behind the other in their right-hand lane. The defendant-appellant was in the first of the two vehicles, and defendant Houk (who is not a party in this court) testified that as he moved into the left lane to pass appellant the latter also moved into the left lane, forcing Houk across the center line, whereupon his car collided head on with that occupied by the appellee.

The appellant contends that the verdict is not supported by substantial evidence because the only testimony tending to show the movement of appellant's car to the left was that of the other defendant, Houk, and that this testimony was refuted by the testimony of the appellant, two eyewitnesses, and physical evidence in the form of skid marks. After a careful review of the evidence it is concluded that reasonable minds could differ thereon, and that the issue was therefore properly submitted to the jury which by its verdict has resolved it. Appellant concedes that he would have been liable had his vehicle forced or "crowded" the Houk vehicle across the center line and into the path of that occupied by appellee, and it is apparent from the verdict of the jury that that is precisely what it found occurred.

What might otherwise have presented a serious question was in our opinion constituted harmless error by subsequent testimony. Over objection, a police officer was permitted to testify that Houk stated immediately after the accident that an automobile had crowded him across the center line. The sufficiency of the limiting and cautionary instructions given to the jury with reference to this testimony becomes a moot question, however, in view of the fact that Houk himself subsequently offered direct testimony on this point, which testimony was consistent with that under scrutiny. Thus, any error in the admission or pertinent instructions must be regarded as harmless.

Appellant further contends that the amount of the judgment entered in favor of the minor appellee is excessive.

* Honorable Damon J. Keith, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

Immediately following the accident, the appellee, who was then eighteen years of age, required a tracheotomy to aid his breathing. He had spinal fluid draining from his right ear, and indicia of a severe brain injury. Emergency brain surgery required that six openings be made in his skull, which openings continued to exist at the time of trial. Plastic surgery was required in connection with the repair of facial fractures, and following a period of intensive care in excess of a month he remained partially paralyzed and unable to speak for several months. At the time of trial he continued to experience pain around the skull openings, and brain wave tracings revealed a slowing of the brain waves along the right side. Testimony established a probability that convulsions requiring medication will be present throughout the rest of his life. Testimony further established that his physical and psychological impairments will affect his employability, as indicated by the fact that he has failed college level courses which he undertook.

Taking into account this appellee's age, the evidence of the pain and suffering endured, the extent to which his injuries are permanent and will affect his future personal life and earning capacity, and all of the other facts and circumstances reflected in the record, we find that the amount of the verdict was not excessive, and that it clearly was not "flagrantly outrageous and extravagant." See National Funeral Home v. Daleheite, 15 Tenn.App. 482, 499 (1932); Stehn v. Bernarr McFadden Foundation, Inc., 434 F.2d 811 (6th Cir. 1970). In this regard, it is further noted that the District Judge did not regard the amount of the award to this appellee as excessive, and while under Tennessee law the ascertainment of damages is primarily a matter for jury determination, next to the jury the most competent person to pass on that matter is the judge who presided at the trial and heard the evidence. Yellow Cab Co. v. Pewitt, 44 Tenn.App. 572, 584, 316 S.W.2d 17 (1958). On the basis of the facts and

the law, we conclude that the judgment in favor of the minor appellee should not be disturbed. It is further concluded that the amount of judgment in favor of his father, as reduced by the remittitur accepted by him, is not excessive under the controlling law.

In accordance with the foregoing, we affirm the judgment of the District Court.